UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

FLATBUSH SQUARE, INC.,

                      Debtor.
------------------------------------------------------------X
FLATBUSH SQUARE, INC.,

                      Plaintiff,

    -against-

BPD BANK,

                      Defendant.
------------------------------------------------------------X

Chapter 11

Case No. 1-13-46023 (CEC)

Adversary Proceeding
No.

**COMPLAINT**

The debtor herein, Flatbush Square, Inc. (the "Debtor"), as and for its Complaint against BPD Bank ("BPD") seeking a turnover of property belonging to the bankruptcy estate, represents and shows this Court as follows:

## OVERVIEW

1. The Debtor seeks a turnover of the funds held in a purported reserve account in the principal sum of $125,000 plus all accrued interest. The purported reserve was established on or about September 16, 2005 in connection with the Debtor's acquisition and corresponding mortgage financing with respect to the purchase of certain real property at 1341-1357 Flatbush Avenue (the "Property"). The purported reserve was funded at the closing and remained in place when the mortgage was assigned by BPD to CBO Inc. ("CBO").

2. The purported reserve was held in an account in the specific name of the Debtor and was not part of the assignment of the underlying mortgage or held in a special account

maintained by BPD. Accordingly, the purported reserve continues to constitute the Debtor's property and is subject to a turnover in bankruptcy.

## THE PARTIES

3. The Debtor is a New York Corporation which filed a voluntary petition under Chapter 11 of Title 11 of the United States Code on October 3, 2013. The Debtor confirmed its amended plan of reorganization on September 3, 2014. In accordance with the confirmed plan, the Debtor satisfied the outstanding mortgage debt owed to CBO as fixed pursuant to stipulation. By virtue of the foregoing, the Debtor is revested with the authority to seek a turnover of all residual funds held by BPD.

4. Upon information and belief, BPD is a New York banking corporation with offices at 90 Broad Street, New York, New York.

## JURISDICTION

5. The Bankruptcy Court has jurisdiction over this adversary proceeding as a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (L), and (M) in that this adversary proceeding concerns the orderly administration of the Chapter 11 case, seeks a turnover of property of the estate, relates to a confirmed plan of the organization, and involves the use of estate property.

## THE ESTABLISHMENT OF THE RESERVE

6. On September 26, 2005, the Debtor purchased the Property for the total adjusted purchase price of $3,086,203. BPD provided mortgage financing for the acquisition pursuant to a certain Consolidation, Modification and Extension Agreement.

7. At the closing, the purported reserve of $125,000 was established from the mortgage proceeds and maintained in the name of the Debtor at BPD in an interest bearing

account, number MMK/000506311, ("the Purported Reserve"). A copy of the initial bank statement reflecting the establishment of the Purported Reserve in the Debtor's name is annexed hereto as <u>Exhibit</u> "A".

8. The Debtor's closing statement also reflects the establishment of the Purported Reserve, a copy of which is annexed hereto as <u>Exhibit</u> "B".

9. BPD did not request nor execute an agreement specifying the terms and conditions of the Purported Reserve. Instead, at all relevant times, the funds were deposited at BPD in the name of the Debtor and the Debtor alone.

10. During the ensuing two-year term of the mortgage term and beyond, the Debtor was not provided with notice that BPD had applied the Purported Reserve to the underlying debt.

11. On August 13, 2014, the Debtor made demands for a return of the Purported Reserve, whereupon the Debtor received an ever-changing story from BPD as to why it refused to honor this demand.

12. First, BPD, through counsel, Edwards S. Feldman, Esq., indicated without corroboration that the Purported Reserve was applied in reduction of principal on March 10, 2009. When pressed for confirmation of this alleged pay-down, BPD then indicated that the Purported Reserve was allegedly applied several days after the mortgage was assigned to CBO at a time when BPD was no longer the record holder. CBO denied receipt of the Purported Reserve from BPD.

### FIRST CLAIM FOR RELIEF

13. The Purported Reserve continues to constitute property belonging to the Debtor's bankruptcy estate within the meaning of Section 541 of the Bankruptcy Code.

14. In view of the foregoing, the Debtor is entitled to an order and judgment directing BPD to turn over the Purported Reserve and/or pay the sum of $125,000 to the bankruptcy estate together with all accrued interest from September 16, 2005.

WHEREFORE, the Debtor prays for a turnover judgment against BPD in the sum of $125,000 plus all accrued interest, together with such other and further relief as may be just and proper.

Dated: New York, New York  
November 12, 2014

                                                GOLDBERG WEPRIN  
                                                FINKEL GOLDSTEIN LLP  
                                                *Attorneys for Flatbush Square, Inc.*  
                                                1501 Broadway, 22nd Floor  
                                                New York, New York 10036  
                                                Tel. (212) 221-5700

                                                By: _____  
                                                        Kevin J. Nash, Esq.  
                                                        A Member of the Firm